FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRAYN PAUL HERNANDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC CARPENTER,<br><br>    Respondent. | No. 4:22-CV-05126-SAB<br><br>**ORDER DISMISSING HABEAS ACTION** |

Before the Court is Petitioner's First Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 10. Petitioner, a pretrial detainee currently held at the Eastern State Hospital, is proceeding *pro se* and *in forma pauperis*. Respondent has not been served.

Petitioner commenced this action on October 6, 2022. By Order filed November 16, 2022, the Court advised Petitioner of the deficiencies of his prior petition and directed him to amend within sixty days. ECF No. 7. Specifically, the Court noted that Petitioner's admission that he had a pending motion in the state Court of Appeals, ECF No. 1 at 2, indicated he had not fully exhausted his state court remedies. *See, e.g., Braden v. 30th Jud. Cir. Ct.,* 410 U.S. 484, 489–92 (1973); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

Having reviewed Petitioner's amended petition and liberally construing it in the light most favorable to Petitioner, the Court finds that Petitioner is not entitled

**ORDER DISMISSING HABEAS ACTION -- 1**

to the habeas corpus relief he seeks at this time as he had not fully exhausted his state court remedies when he filed his initial habeas action. *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In addition, the Court is bound to abstain from considering Petitioner's claims under *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). *See Lazarus v. Baca*, 389 F. App'x 700, 701 (9th Cir. 2010) (citing cases mandating *Younger* abstention to claims of excessive bail during ongoing state criminal proceedings).

Furthermore, Petitioner did not name a proper Respondent in his First Amended Petition. The proper respondent in a federal petition seeking habeas corpus relief is the person having custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name a proper respondent deprives federal courts of personal jurisdiction. *See Stanley*, 21 F.3d at 360. Therefore, the Court lacks personal jurisdiction to consider Petitioner's habeas claims.

//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER DISMISSING HABEAS ACTION -- 2**

Accordingly, **IT IS ORDERED** this action is dismissed without prejudice for failure to exhaust state court remedies. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner at his last known address and **close** the file.

**DATED THIS** 6th day of February 2023.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING HABEAS ACTION -- 3**